(67 South. 339)

No. 20905.

LEITZ v. CITY OF NEW ORLEANS et al.

(Jan. 25, 1915.)

*(Syllabus by the Court.)*

MUNICIPAL CORPORATIONS ☞337 — PAVING CONTRACTS—AWARD—READVERTISEMENT.

Where the lowest bidder to whom contracts for paving have been awarded acknowledged his inability to give satisfactory security, as required by the city charter, the contracts may be awarded to the next lowest bidder without readvertisement.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 864, 865; Dec. Dig. ☞337.]

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Injunction by Frederick Leitz against the City of New Orleans and others. From judgment for defendants, plaintiff appeals. Affirmed.

Frank Wm. Hart, of New Orleans, for appellant. McCloskey & Benedict, of New Orleans, for appellee Grasser Contracting Co. John J. Reilley, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellee City of New Orleans. Denegre, Leovy & Chaffe, of New Orleans, for appellee Barber Asphalt Paving Co.

LAND, J. "This is a suit to enjoin and restrain the city of New Orleans from awarding certain contracts for street paving and subsurface drainage to the second lowest bidders therefor. * * *

"The facts are that the city of New Orleans advertised for bids for three items of street paving and subsurface drainage, which bids were to be received and opened on July 13, 1914. When the bids were opened it was found that one Preston Herndon was the lowest bidder, and in due course, on July 21, 1914, the commission council of the city of New Orleans adopted three ordinances, accepting the bids of Herndon, awarding him the work, and authorizing the mayor to sign and execute the necessary contracts with him therefor.

"After these ordinances had been adopted, accepting the bids of Herndon, and awarding him the work, but before the contracts had been signed, it developed that Herndon would not be able to furnish security, as required by law, for the faithful performance of the contracts. Upon this fact being called to the attention of the commission council by Herndon, the ordinances adopting his bids and awarding him the work were repealed, and thereupon ordinances were adopted accepting the bids of the Grasser Contracting Company, and the Barber Asphalt Paving Company, each for a portion of the work; these companies being the respective second lowest bidders therefor. By these ordinances, the mayor was authorized to sign and execute the necessary contracts with these two companies."

The foregoing statement of the case is copied from plaintiff's brief.

After a hearing the court a qua refused to grant the injunction prayed for, and dismissed the suit. The plaintiff appealed.

The decision of the case hinges on the proper construction of that portion of section 60 of Act No. 159 of 1912 (the present city charter) which reads as follows, to wit:

"Sec. 60. All contracts for public works, or for materials and supplies, ordered by the commission council, exceeding five hundred dollars in amount, shall be offered by the commissioner of public finances by public auction after ten days advertisement, and given to the lowest bidder who can furnish security satisfactory to the commission council; or same shall, at the discretion of the commission council, be advertised for proposals to be delivered to the commissioner of public finance in writing, sealed, and to be opened by the commissioner of public finance in the presence of the commission council, and given to the person making the lowest proposal therefor, who can furnish security satisfactory to the commission council."

The contention of the plaintiff is that under said section—

"when Herndon failed to sign the contracts and furnish security, the matter was ended, and the

only thing left for the commission council to do was to readvertise for bids."

The position of the defendants is that:

"Herndon was not the lowest bidder, for the reason that he could not furnish security satisfactory to the commission council, and that body acted within its powers when it awarded the contracts to the next lowest bidders, who were able to furnish security satisfactory to it."

The only precedent cited by the plaintiff is Twiss v. City of Port Huron, 63 Mich. 528, 30 N. W. 177, as holding that:

"Where a city charter required all contracts for public improvements to be let to the lowest bidder, and one of four bidders on a grading" contract, "whose bid was the lowest, was allowed to withdraw the same on the ground of an alleged mistake in amount, and the contract was awarded to the next lowest bidder, without readvertisement, *held* illegal, and that such re-advertisement should have been ordered by the council, which had no power to deprive the city, and the parties who would be assessed, of the benefit of a letting to the lowest bidder."

Counsel for the plaintiff says in his brief:

"It is true that in the cited case there was collusion between the two of the bidders, but this fact did not affect the matter according to the court."

The opinion in that case does not set forth the provisions of the charter relative to the letting of contracts for public improvements, but after stating facts, indicating fraudulent collusion between the bidders, and that the lowest bidder had made no mistake as to amounts, proceeded as follows:

"Whether the council knew or did not know these facts is unimportant. They had no power to deprive the city, and the parties who would be assessed, of the benefit of a letting to the lowest bidder. It should have been advertised over again, and the other bidders might have revised their bids."

The same court further held that the proceedings were void because the resolution calling for proposals had not been signed by the mayor, as required by the city charter. One of the four justices dissented. The first section of the syllabus of the case reads as follows:

"Where the charter of a municipality requires that contracts for public improvements be let to the lowest bidder, the city council has no power to release the lowest bidder from his offer without advertising again, and allowing the other bidders to revise their bids."

In the case at bar the city council did not release the lowest bidder on the ground of error and mistake in his proposal as in the case just cited, but he was unable to qualify as such by giving the security required by the city charter.

In Gibson v. Owens (1893) 115 Mo. 258, 21 S. W. 1107, the court held, as set forth in the syllabus, that:

"Under an ordinance requiring city contracts to be awarded to 'the lowest reliable and responsible bidder who will sufficiently guarantee the performance of said work,' a city engineer, who has selected the lowest bidder, may, where such bidder refuses to enter into contract and give the guaranty required, award the contract to the next lowest bidder, without readvertising for bids."

On this point the court inter alia said:

"We do not think the power of the engineer exhausted when he made the selection among the bidders of the one regarded the lowest. The reliability * * * of the bidder could not then have been determined. This preliminary selection was not a letting of the contract within the fair intent and meaning of the ordinance, but was necessarily conditioned upon compliance on the part of the bidder with the other requirements."

Gibson v. Owens, supra, and other cases, have been cited in support of the doctrine that:

"Where the lowest bidder to whom the contract has been awarded fails to comply with the conditions thereof, the contract may be awarded to the next lowest bidder without readvertisement." A. & E. Enc. of Law (2d Ed.) p. 1167; Id. 1168.

We approve this doctrine as reasonable and as well calculated to avoid unnecessary delays and expenses in awarding contracts for public improvements.

Judgment affirmed.